IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 05-366 (JCP) |
| ) | |
| DARRICK NAPPER ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT NAPPER'S MOTION TO SUPPRESS
EVIDENCE WITH SUPPORTING
MEMORANDUM OF POINTS AND AUTHORITIES**

*COMES NOW* Darrick Napper, through undersigned counsel and hereby moves this Honorable Court suppress all tangible evidence in the above referenced case and requests an evidentiary hearing. As grounds for this motion, defendant submits the following:

**A. Background**

Mr. Napper is currently indicted on the following counts: *Count One*, Unlawful Possession with Intent to Distribute 5 grams or more of Cocaine Base; *Count Two*, Simple Possession of a Controlled Substance; *Count Three*, Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense; *Count Four*, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

The government alleges[1] that on August 4, 2005, law enforcement observed Mr. Napper exit a bus at the Greyhound Bus Station and walk around the east end of the station. Officers approached Mr. Napper and stopped him. The officers were wearing plain clothes but identified themselves as police officers and asked if they could speak with Mr. Napper. After asking a few questions of Mr. Napper a police officer searched Mr. Napper's bag he had been carrying. According to police reports, Mr. Napper permitted a police officer to search his bag. Mr. Napper asserts that he did not give the officer permission to search the bag. When the officer opened Mr. Napper's bag, the officer observed a box which the officer recognized as a box of ammunition. The officer looked inside the bag and saw ammunition. This officer gave a code word to a second officer who seized Mr. Napper. The second officer believed Mr. Napper had a gun on him and Mr. Napper was handcuffed. After he was handcuffed, a rugger 9mm semi-automatic pistol with ammunition was located in the front waistband area of Mr. Napper's pants. Additionally, a bulldog black canvass holster with an extra loaded magazine was recovered in the front waistband area. From Mr. Napper's left cargo pants pocket small Ziploc bags were found and from his person ammunition and other items were taken.

Further, police allege that one black high point pistol with ammunition in the magazine was found in Mr. Napper's bag as well as one box of live rounds of ammunition, a body amor vest, digital scale, black masks, ziplock bags and jewelry.

---

[1] Mr. Napper in no means or form adopts any of the factual allegations set forth in this motion as being true or accurate. This information was obtained through the government from police reports provided as part of discovery.

**B. Invalid Terry Stop requires suppression of all evidence recovered from Mr. Napper.**

The police conducted an illegal *Terry* stop. Mr. Napper was stopped by police when they approached him and stopped him. Clearly he was not free to leave and go on his way when he was stopped while walking nor was he free to not submit to being searched by police. Police may lawfully stop a citizen of the District of Columbia if they have articulable suspicion that a "particular individual being stopped is engaged in wrong doing." United States v. Cortez, 449 U.S. 411, 418 (1981).

To justify such a stop, the police must have "reasonable grounds to believe that "criminal activity may be afoot." Terry v. Ohio, 392 U.S. 1, 30 (1968). "There must be something at least in the activities of the person being observed or in his surroundings that affirmatively suggest particular criminal activity, completed, current, or intended." Jones v. United States, 391 A.2d 1188 (D.C. 1978); Coleman v. United States, 337 A.2d 767 (D.C. 1975). In the case of Mr. Napper no such "articulable suspicion" of criminal activity existed. He was stopped without any identification procedures being conducted tying him to any activity observed by officers.

Mere suspicion is not sufficient to support a *Terry* stop. Hemsley v. United States, 547 A.2d 132, 135 (D.C. 1988) (Court of Appeals ruled that observations of a car lawfully parked in a high narcotics area, with three occupants, windows rolled up and excessive smoke inside, did not support more than mere suspicion and as such held the *Terry* stop invalid.[2] As such all evidence later seized must be suppressed as fruits of the

---

[2] But see United States v. Maragh, 894 F.2d 415, 416 (D.C. Cir.), cert .denied, 498 U.S. 880, 111 S.Ct. 214, 112 L.Ed.2d 174 (1990) (finding that there was no seizure when the undercover police officer approached the defendant in a train station, identified himself as an officer, asked if the defendant had any drugs and then asked to search the defendant's shoulder bag).

3

illegal stop, pursuant to the "fruits of the poisonous tree" doctrine. *Wong Sun v. U.S.,* 371 U.S. 471, 487-88; 83 S.Ct. 407; 9 L.Ed.2d 441 (1963).

### C. Lack of Probable Cause in Violation of Fourth Amendment

Any unlawful search of Mr. Napper cannot be justified as a search incident to arrest. Chimel v. California, 395 U.S. 752 (1969). As such it was a warrantless search which per se is "unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." Mincey v. Arizona, 437 U.S. 385, 390 (1978) quoting Katz v. United States, 398 U.S. 347, 357 (1967) (footnote omitted). The showing of probable cause is a prerequisite for a warrantless arrest however, such probable cause necessary for a warrantless arrest is equivalent to that which would be required for a search warrant to issue. United States v. Dunn 946 F.2d 615, 618-19 (9th Cirt. 1991) (citing California v. Carney, 105 S. Ct. 2066, 2069, (1985)).

Probable cause arises when officers have knowledge of trustworthy facts sufficient in themselves to warrant a person at reasonable caution to believe that an offense has been committed. United States v. Patterson, 492 F.2d 995, 997 (9th Cir.), cert. denied, 419 U.S. 846 (1974). In this case, Mr. Napper asserts there is little to support a finding of probable cause that any crime had been committed or was being committed in police presence by Mr. Napper. Mr. Napper was not observed to have participated in the alleged activity, he merely exited a bus.

### D. Consent

Law enforcement may not search a person without a warrant or probable cause, unless the individual voluntary consents to the search. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). Mr. Napper **denies** having given consent to the police officer to

search his bag or his person and therefore, the search of his bag as well as the subsequent search of his person was illegal and all tangible evidence seized must be suppressed. IV Amend. Assuming for purposes of arguendo that the court finds that consent was given, the Court must still consider whether or not the consent was voluntary. To determine whether consent was voluntarily given, the court must examine the totality of the circumstances surrounding the consent. United States v. Mendenhall, 446 U.S. 544, 557-60 (1980). Factors in assessing voluntariness include (1) knowledge of the constitutional right to refuse consent, (2) age, intelligence, and language ability, (3) the degree to which the individual cooperates with the police, (4) the individual's attitude about the likelihood of discovery of contraband, and (5) the length of detention and the nature of questioning. United States v. Hall, 969 F.2d 1102, 1107-08 (D.C. Cir. 1992); United States v. Caballero, 936 F.2d 1292, 1296-98 (D.C. Cir. 1991); United States v. Jones, 234 F.3d 234, 243 (5th Cir. 2001).

An evidentiary hearing in this case will show that the law enforcements actions of seizing and searching Mr. Napper were illegal and therefore, all items recovered from Mr. Napper's belongings or his person must be suppressed.

### D. Conclusion

***WHEREFORE***, for these reasons, and any others that may appear relevant pertaining to this Motion, defendant Darrick Napper, respectfully moves this court to suppress all tangible evidence in the above referenced case and requests an evidentiary hearing on this matter.

          Respectfully submitted,

          _____
          Elita C. Amato, Bar # 44279
          1211 Conn. Ave., N.W.,
          Suite 400
          Washington, D.C.  20036
          (202) 223-3210
          Counsel for Napper

## CERTIFICATE OF SERVICE

I **CERTIFY** that on this 19th *day of December 2005*, the foregoing electronically served upon the following attorney:

Denise M. Clark, Esq.
Assistant United States Attorney
Office of the United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530

          _____
          Elita C. Amato

6