**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  05-366 (JGP) |
| | : | |
| v | : | |
| | : | |
| DARICK NAPPER | : | |

**GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR**
**CONVICTION PURSUANT TO RULE 609**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully moves this Court to permit the introduction of defendant's prior

conviction for impeachment purposes should the defendant elect to testify at trial in the above-

captioned case.  In support of this motion, the government relies on the following points and

authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.       The defendant has been charged in a four-count indictment with Unlawful

Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(B)(iii); Simple Possession of a Controlled Substance, in violation of

21 U.S.C. § 844(a); Using, Carrying and Possessing a Firearm During a Drug Trafficking

Offense in violation of 18 U.S.C. § 924(c)(1); and Unlawful Possession of a Firearm and

Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding

One Year, in violation of 18 U.S.C. § 922(g)(1).   The defendant's prior conviction is  as follows:

| OFFENSE | CASE NUMBER | JURISDICTION | SENT | DATE |
|---|---|---|---|---|
| | | | | |

| Attempted Possession with Intent to Distribute Cocaine | F-1077-01 | District of Columbia | 10 years execution of sentence suspended, three years' probation | 06/25/01 |
|---|---|---|---|---|

2.      Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant.  Here, the defendant's convictions clearly qualify and meets the requirements of Rule 609(b).

3.      In evaluating whether the probative value of this conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility.  United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc).  In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine;

2

after taking the stand, he was impeached with evidence that he had been convicted several years

before for distributing drugs in violation of the Controlled Substances Act. Id. at 943, 947. The

court held that there was no error in admitting evidence of the defendant's prior conviction

(which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony

conviction was for a narcotics offense, and the defendant was again being tried for a similar

offense, does not render the prior conviction inadmissible," and directing that in such

circumstances a limiting instruction should be given to the jury. Id. at 950.[1]

     5.     Inasmuch as every impeachment by prior conviction involve some inherent

prejudice to a defendant, that prejudice by itself should not be enough to preclude the

government's impeachment of the defendant in this case. Cf. Lipscomb, 702 F.2d at 1062

("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if,

but how much") (emphasis in original). Should the defendant testify in this case, the issue of his

credibility will be a central issue for the jury. The probative value of the conviction in assessing

that credibility, involving as it does a serious and recent offense, clearly outweighs whatever

prejudice there may be to the defendant -- particularly given the limiting instruction that can be

given to the jury in order to preclude its use of such evidence for an improper purpose.

---

   [1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior
narcotics conviction carries more prejudice, and it noted that in this case the evidence of the
conviction carried more probative value where the defendant had testified that he was not
knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted
en banc, this additional factor was not critical in determining that the probative value of the
conviction outweighed its prejudice. While Lewis might at first be considered a "special" case
because the prior conviction served not only to impeach credibility but also to rebut specific
testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason
as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at
1058, n.35 (en banc).

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the governments motion to impeach the defendant's credibility with his prior conviction should he testify at trial.

Respectfully submitted,

KENNETH L. WAINSTEIN.
United States Attorney
Bar No. 451058

_____

Denise M. Clark
Assistant United States Attorney
Federal Major Crime Section, D.C.  Bar No. 479149
555 4th Street, N.W.  #4840
Washington, DC 20530
Phone: 353-8213
Fax: 353-9414

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served by mail on the attorney for the defendant, Elita C. Amato, 1211 Connecticut Avenue, Northwest, Suite 400, Washington, D.C. 20036,  this 29th day of December, 2005.

_____

Denise M. Clark
Assistant United States Attorney