UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**         ) | |
| )| |
| v.                                     ) | **Criminal No.** 05-366(JGP) |
| )| |
| **Darick Napper**             ) | |
| )| |
| Defendant.                     ) | |
| _____ ) | |

**RESPONSE TO GOVERNMENT'S NOTICE OF
INTENT AND MOTION TO IMPEACH DEFENDANT WITH
PRIOR CONVICTION PURSUANT TO FED. R. EVID. 609
AND INCORPORATED MEMORANDUM OF AUTHORITIES IN SUPPORT**

**COMES NOW** Darick Napper, through undersigned counsel, respectfully moves this Honorable Court for an order prohibiting the government from introducing evidence of his prior conviction to impeach him should he testify at his trial. In the alternative, Mr. Napper requests that the government not be permitted to elicit the specific offenses for which he was convicted, but rather elicit only the fact of the prior conviction, since it is the fact of the conviction, and not the offense itself, which arguably bears upon Mr. Napper's veracity. The following is grounds for this motions:

Federal Rule of Evidence 609 provides, inter alia, that "evidence that an accused has been convicted of … a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused." Fed. R. Evid. 609 (a)(1). The Rule also provides that "evidence than any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed. R. Evid. 609(a)(2).

Under Rule 609(a)(1) "the prosecution must show that the probative value of a prior conviction outweighs the prejudice to the defendant." United States v. Lipscomb, 702 F.2d 1049, 1055 (D.C. Cir. 1983). In this case, the government cannot make that requisite showing with respect to Mr. Napper's prior conviction.

In United States v. Fearwell, 595 F.2d 771 (D.C. Cir. 1978), the D.C. Circuit admonished,

> "rule 609(a)(2) is to be construed narrowly; it is not <u>carte blanche</u> for admission on an undifferentiated basis of all previous convictions for purposes of impeachment; rather, precisely because it involves no discretion on the part of the trial court in the sense that all crimes meeting its stipulation of dishonesty or false statement must be used for impeachment purposes, Rule 609(a)(2) must be confined … to a 'narrow subset of crimes' – those that bear <u>directly</u> upon the accused's propensity to testify truthfully."

595 F.2d at 777, <u>citing</u> <u>U.S. v. Smith</u>, 551 F.2d 348 (D.C. Cir. 1976) emphasis in the original). In this case, Mr. Napper's prior convictions for Attempted Possession with Intent to Distribute Cocaine has no direct bearing upon his propensity to testify truthfully and, therefore, should not be introduced as impeachment material.

In <u>Smith</u>, the D.C. Circuit explained that "[b]y the phrase 'dishonesty and false statement' the [Congressional Conference Committee] means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of <u>crimen falsi</u>, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." 551 F.2d

at 362, citing H.R. Conf. Rep. No. 93-1597, 93d Cong. Sess. 9, reprinted in [1974] U.S. Code Cong. & Admin. News, pp. 7098, 7103.

The Smith Court noted that even an offense that does not per se bear on credibility may be used to impeach if "the prosecutor has first demonstrated to the court the underlying facts which warrant the dishonesty or false statement description. 551 F.2d at 364 n. 28. It is the government's burden to "produc[e] fact which demonstrat[e] that the particular conviction involved fraud or deceit." United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982), citing United States v. Smith, 551 F.2d at 364 n. 28. The government has presented no information suggesting that the offense for which Mr. Napper was convicted involved fraud or deceit. The D.C. Circuit has held that the government bears "the burden of proof in establishing the admissibility of [a] prior conviction[]." United States v. Crawford, 613 F.2d 1045, 1053 (D.C. Cir. 1979) (citations omitted). In fact the D.C. Circuit has held that the distribution of drugs does not constitute a crime of dishonesty or false statement. U.S. v. Lewis, 626 F.2d 940, 946 (D.C. Cir. 1980). In Mr. Napper's case, the Court should not allow the government to impeach him with his prior conviction absent an "inquiry into the nature and circumstances" of the conviction. 613 F.2d at 1053.

The government should be precluded regardless from introducing Mr. Napper's prior conviction. The evidence would be far more prejudicial than if it was a conviction for any other offense other than one involving drug distribution. Cf. United States v. Beahm, 664 F.2d 414 (4th Cir. 1981). In Beahm, the Fourth Circuit explained:

3

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while unduly prejudicing him.  The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggest some probability that defendant committed the similar offense for which he is charged.  The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

664 F.2d at 418-19, cert. denied 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed 2d. 287 (1968).

Likewise, the Court of Appeals for this circuit has acknowledged that "a special and even more difficult problem arises [where the government proposes to impeach the accused with a] conviction for the same or substantially the same conduct for which [he] is on trial."  Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied, 390 U.S. 1029 (1968).[1]  In Gordon, the D.C. Circuit stated that in such situations "strong reasons arise for excluding [convictions] which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'"  Id.  In language instructive for Mr. Napper's case, the Court in Gordon advised that "as a general guide, those convictions which are for the same crime should be admitted sparingly…" Id.  As explained above, there are no strong reasons for allowing the government to impeach Mr. Napper with his prior conviction.

---

[1] But see United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980), cited by the government in its brief. In that case, the Court of Appeals found the lower court allowed the introduction of the defendant's prior drug conviction pursuant to Rule 609 even though the defendant was before the court on pending drug charges.  However, the District Court made that decision only after having determined that the probative value of admitting the evidence exceeded its prejudicial effect.   The Court of Appeals upheld the ruling after reviewing the decision only for abuse of discretion.

Moreover, in deciding whether to preclude the government from impeaching Mr. Napper with his prior conviction, this Court should consider the "important consideration" of "the effect… if [Mr. Napper] does not testify out of fear of being prejudiced because of impeachment by prior convictions". Gordon v. United States, at 940. As explained in Gordon, although the Court might find that the prior conviction is relevant to credibility and the risk to Mr. Napper does not warrant its exclusion, it may nevertheless conclude that it is more important that the jury have the benefit of Mr. Napper's testimony than to have him remain silent out of fear of impeachment. Gordan, supra 383 F.2d at 940-41 (citations and footnote omitted.)

In United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985), the D.C. Circuit recognized the prejudicial impact of allowing a jury to learn of the accused's criminal record. Although, deciding a severance issue, in language relevant to this matter, the D.C. Circuit explained that

> The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. …That empirical investigations… Such reliance by the trier of fact offends the 'long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice"…

770 F.2d at 1116 (citation omitted).

The Court in Daniels also expressed its extreme skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes evidence." 770 F.2d at 1118. ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the

5

offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities…and 'the naive assumption that prejudicial effects can be overcome by instructions to the jury' becomes more clearly than ever 'unmitigated fiction'"). Thus, instruction to the jury in Mr. Napper's case about the limited use for which his prior convictions might be introduced would not suffice to cure the prejudice and therefore the government should not be allowed to impeach him by using his prior convictions. Cf. United States v. Lipscomb, 702 F.2d at 1062 ("[e]vidence that a witness is a convicted criminal can also seriously prejudice the defense, especially when the witness is the defendant himself. The jury is told to consider the defendant's prior conviction only on the issue of credibility and not on the issue of overall guilty. But limiting instructions of this type require the jury to perform 'a mental gymnastic which his beyond, not only their power, but anybody else's…'The naïve assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction;") (citations omitted).

  **WHEREFORE**, for all the foregoing reasons, and any others which may appear to the Court in a full hearing on this matter, Mr. Napper respectfully requests that the prosecution not be permitted to impeach him under Federal Rules of Evidence 609 with his prior conviction.

Respectfully submitted,

/ECA/

_____
Elita C. Amato, Bar # 44279
1211 Conn. Ave., N.W., Suite 400
Washington, D.C. 20036
202.223.3210
Counsel for Darick Napper

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2006, the foregoing was served electronically through the electronic filing system.

/ECA/

_____

7