UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 08 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA            :
                                    :
v.                                  :   CRIMINAL NO. 05-366 (JGP)
                                    :
DARICK NAPPER,                      :
                                    :
    Defendant.                      :

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on April 1, 2005, Darick Napper and Lamarr Pittman drove from Washington, D.C. to North Carolina. While enroute to North Carolina, the two discussed the fact that Ms. Pittman would purchase a firearm for Mr. Napper because Mr. Napper was a convicted felon. On April 2, 2005, Ms. Pittman and Mr. Napper visited a pawn shop in Rocky Mount, North Carolina where Mr. Napper showed Ms. Pittman the two firearms he wanted to purchase. Mr. Napper whispered questions for Ms. Pittman to ask the salesperson and asked several additional questions of the salesperson himself. Mr. Napper then left the store. Ms. Pittman completed the necessary firearm purchase paperwork, in which she falsely indicated that she was not buying the firearms on behalf of anyone else. Ms. Pittman then purchased the firearms and two boxes of ammunition using money supplied by Mr. Napper. On April 3, 2005, Ms. Pittman drove Mr. Napper to an apartment building in Washington, D.C. When they arrived, Mr. Napper removed the guns and ammunition from the trunk and took them inside an apartment.

A few weeks later, Mr. Napper and Ms. Pittman drove back down to North Carolina. On April 23, 2005, they visited a pawn shop in Spring Lake, North Carolina where Ms. Pittman

purchased a rifle at Mr. Napper's request using money Mr. Napper supplied. Again, Ms. Pittman completed firearms purchase paperwork in which she falsely indicated that she was not buying the firearm on behalf of anyone else. The next day, Ms. Pittman and Mr. Napper returned to D.C. Ms. Pittman dropped Mr. Napper off at the home of one of his friends. Mr. Napper removed the rifle from the car and took it into his friend's home.

On August 4, 2005 at approximately 2:20 p.m., members of the Metropolitan Police Department's Drug Interdiction Unit were conducting interviews at the Greyhound Bus Station, located at 1005 First Street, Northeast, Washington, D.C. when they saw defendant Darick Napper, exit a newly-arrived bus. Defendant was observed walking around the outside of the terminal. One of the plain-clothed officers, Erick Alvarado, approached defendant, identified himself as an officer and asked to speak with defendant. Defendant spoke with the officer. After a brief conversation in which Officer Alvarado asked to search the bag defendant was carrying, defendant handed his bag to Officer Alvarado. Officer Alvarado placed the bag on the ground and began searching it. During the search, he discovered a box of ammunition. Officer Alvarado alerted Officer McFadden to arrest defendant. While reaching for defendant, Officer McFadden felt a gun in defendant's waistband and informed Officer Alvarado that defendant had a gun on his person. At that point, Officer Alvarado assisted Officer McFadden in placing defendant under arrest. Subsequent to defendant's arrest, the officers searched him and recovered (1) a Ruger .9 mm semi-automatic pistol with nine rounds of .380 caliber ammunition in the chamber and one round in the chamber in his waistband; (2) a canvass holster with a magazine containing ten rounds of .9 mm ammunition in his waistband; (3) two medium bags, one containing 31 small ziplocks of a rock like substance, and the other containing 12 small ziplocks of a rock like substance in defendant's left cargo pants pocket; (4) one

ziplock bag containing a plant material, which later field tested positive for THC; and (5) $591.72 from defendant's left front pants pocket and (6) four rounds of .9 mm ammunition from defendant's right front pants pocket. The search of defendant's bag uncovered (1) a High Point .380 caliber pistol with eight rounds in the magazine; (2) a box containing 37 rounds of .9 mm ammunition; (3) one body armor vest; (4) a digital scale; (5) 23 small ziplock bags and (6) two black masks. The rocklike substance found in defendant's pants was later analyzed by the Drug Enforcement Laboratory. The analysis revealed that defendant had 7.5 grams of cocaine base.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

DENISE M. CLARK
Assistant United States Attorney
D.C. Bar No. 479149
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4840
Washington, D.C. 20530
202-353-8213

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Elita C. Amato. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 8-8-06

_____
DARICK NAPPER
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 8-8-06

_____
ELITA C. AMATO, ESQUIRE
Attorney for Defendant