THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal No. 05-366 (JGP) |
| ) | |
| DARICK NAPPER ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**I. Introduction**

The Defendant, through his undersigned counsel, respectfully submits this memorandum to aid the Court in the sentencing of Mr. Napper scheduled for October 23, 2006. Mr. Napper requests the Court sentence him to not more than 5 years incarceration. Mr. Napper has been held without bond since August 4, 2005[1].

**II. Advisory Guideline Calculations[2]/Statutory Mandatory Minimum**

Mr. Napper pled guilty to *Count One*, conspiracy, *Count Two*, unlawful possession with intent to distribute 5 Grams or more of cocaine base, and *Count Five*, unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year.

For purposes of guideline determinations, all three counts are grouped together pursuant to 3D1.2(c). The base offense level starts out at a 24 and is increased by 4 levels pursuant to 2K2.1(b)(5). It is reduced by 3 levels for acceptance of responsibility

---

[1] If Mr. Napper is sentenced to concurrent time with the Superior Court case of F-3737-05, the time he has been incarcerated pending sentence in this case, should be counted towards this sentence as well, pursuant to 18 U.S.C.§ 3585 (b).
[2] These findings are consistent with those included in the pre-sentence report.

pursuant to 3E1.1(b) for a resulting base offense level of 25.

The final PSR calculated Mr. Napper with a criminal history category IV.[3] The guidelines sentencing range for an offense level 25 and criminal history category IV is 84 -105 months. *Count One* carries a maximum sentence of five years. *Count Two* imposes a mandatory minimum sentence of five year and *Count Five* has a maximum sentence of 10 years but no mandatory minimum.

**II.     Additional Sentencing Factors Pursuant to 18 U.S.C. §3553**

Mr. Napper moves this court to sentence him to not greater than five years (60 months)[4]. A straight guideline sentence or mandatory minimum sentence would be overly punitive, unreasonable and is not warranted in this case. In conjunction and consideration of the other 3553(a) sentencing factors the court must take into account, a sentence lower than the guidelines is mandated.

A Court need not impose a sentence within the guideline range. *See United States v. Booker,* 125 S.Ct. 738 (2005). The United States Sentencing Guidelines are advisory only. *Booker,* 125 S.Ct. at 756. As the Supreme Court very recently held, the guidelines are only one factor which the Court must consider in determining a sentence along with other enumerated factors pursuant to 18 U.S.C. §3553(a) but it is no longer required pursuant to 18 U.S.C. §3553(b) that the court impose a sentence within the guideline range. *See Booker*, *Id.*, which severs and excises 18 U.S.C. §3553(b)(1) which requires courts to impose a sentence within the applicable Guideline range (absent circumstances justifying a departure).

---

[3] The pre-plea criminal history calculations provided by the probation office to the court in a letter dated June 30, 2006, determined Mr. Napper's criminal history category to be a level III not a level IV. Mr. Napper relied on that prior finding when making his decision to accept a plea in this case. The guideline range for an offense level 25 and criminal history IV is 70-87 months.

[4] *Count Two* requires at least a 5 year sentence, 21 U.S.C. 841(a)(1) and (b)(1)(B)(iii).

2

The Court must now consider the nature and circumstances of the offense and the history and characteristics of the defendant.  See 18 U.S.C. §3553(a)(1).  To not consider all the enumerated factors of 3553(a) at sentencing is tantamount to ignoring the *Booker* decision and makes the guidelines as binding as they were pre-*Booker*.  This is a violation of both the Sixth Amendment of the Constitution and the interpretation of Section 3553 adopted by the remedial majority in *Booker*.

(a) <u>Reflect seriousness of the offense and promote respect for the law, 3553(a)(2)(A)</u>

A sentence of five years reflects the seriousness of the offenses.  The maximum sentence of *Count One* is five years.  Therefore, with such a sentence, Mr. Napper is being punished at the highest possible point on that offense.  *Count Two* requires at least a five year sentence, thus imposing such a sentence promotes respect for the law. *Count 5* has a maximum sentence of 10 years, thus a five year sentence is the half way point.  There is no compelling reason to sentence Mr. Napper to greater than the five years.  By entering his plea of guilt in this case, Mr. Napper has accepted responsibility for his actions and a respect for the law.  He was charged with three different types of criminal conduct, conspiracy, drugs and guns.  In accepting the government's plea, he admitted his guilt to all three of these different types of criminal conduct, thereby, accepting full responsibility for all his criminal conduct.

Five years is certainly much more than a slap on the wrist.  It is a sentence which will have an effect on the rest of Mr. Napper's life.  It serves to punish him and sends a message that such criminal activity is a serious offense which will not be taken lightly.

(b) <u>Afford adequate deterrence 3553(a)(2)(B)</u>

Mr. Napper is currently 25 years old.  Even with a sentence of 5 years and good time credit, he will be approximately 29 years old when released.  Studies have shown the likelihood of recidivism dramatically declines as an inmate ages.  See, e.g., Burea of Justice Statistics Special Report, Recidivism of Prisoners Released in 1994 (June 2002).

(c) <u>protect the public and provide needed training, care and other correctional treatment 3553(a)(2)(C) & (D)</u>

A sentence of five years will provide Mr. Napper ample time in which to take advantage of any educational and vocational training provided by the Bureau of Prisons.  This will be sufficient time for Mr. Napper to track in area of interest, gain what ever instruction is available and be prepared, ready and motivated to follow on such path once released from incarceration.  As his prior convictions are for attempted possession with intent to distribute, his exposure to apprenticeship programs through the Bureau of prisons will provide him the skills he needs to sustain legitimate employment and not revert back to a life of crime.

It is clear from the PSR that Mr. Napper has suffered mental health issues, some of which may have been caused by his drug use.  It is certain that he would greatly benefit from mental health treatment and an extended intensive drug program.  A five year sentence will provide more than sufficient time to treat his drug usage and any lingering issues related to his drug use or other underlying mental health issues.  These issues may have caused or contributed to his prior criminal activity.  In sum a five year sentence will be more than enough time to rehabilitate Mr. Napper.

## V. Conclusion

**WHEREFORE**, for the above stated reasons, any other reasons presented during the sentencing hearing, and any other reasons this Honorable Court deems relevant, Mr. Napper respectfully requests this Honorable Court sentence him to not greater than five years to run concurrent to his Superior Court case, F-3737-05.

Respectfully submitted,

_____
Elita C. Amato, Esq.
1211 Conn. Ave., N.W.
Suite 400
Washington, D.C. 20036
(202) 223-3210

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2006, the foregoing *MEMORANDUM* was filed electronically and hence served upon all parties in this case.

_____
Elita C. Amato